UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIK HADZOVIC,<br><br>Petitioner,<br><br>-against-<br><br>DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | 26-CV-09371 (LJL)<br><br>ORDER TO ANSWER, 28 U.S.C. § 2241 |

LEWIS J. LIMAN, United States District Judge:

Petitioner has filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241. The Court, having examined the Petition, hereby ORDERS that:

(1) By 5:00 p.m. on October 28, 2026, Respondents shall file a letter with the following information:

a. whether Petitioner was, as the Petition alleges, *see* Dkt. No. 1 at 2, located in the Southern District of New York at the time that the Petition was filed and, if not, what District Petitioner was in at the time of filing and whether the Petition should be immediately transferred to that District, *see, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391–92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025);

b. Petitioner's A-number, current place of detention, and a contact person who can facilitate prospective counsel's access to Petitioner;

c. the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

d. if the asserted basis for Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), why the petition should not be granted in light of the Second Circuit's decision in *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026);

e. a copy of any final order of removal; and

f. any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

(2) Unless and until the Court orders otherwise, Respondents shall file an answer to the Petition within **three business days of the date of this Order**; and

(3) Unless and until the Court orders otherwise, Petitioner shall file any reply within **ten business days of the date of this Order**.

The parties shall appear for a telephonic case management conference on October 30, 2026, at 12:00 p.m. Parties are directed to dial into the Court's teleconference number at 646-453-4442, Conference ID# 358639322, and follow the necessary prompts. Respondents shall arrange for Petitioner to appear at the conference telephonically.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2–3 (S.D.N.Y. June 13, 2025) (enjoining a *habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205 (WJM) (STV), 2025 WL 2280357, at *14–16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117 (BLF), 2025 WL 2677125, at *8–9, *11 (N.D. Cal. Sept. 18, 2025) (same).

All communications with the Court by a self-represented party should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to ProSe@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007; or (3) hand-delivering the communication to the Pro Se Intake Unit. No documents or court filings should be sent directly to Chambers. Copies of correspondence between a self-represented party and counsel shall not be sent to the Court.

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

The Court respectfully directs the Clerk of Court to mail, physically or via email as appropriate, a copy of this order to Petitioner and next friend John Mark Rozendaal at the address listed on the docket sheet for this action. Next friend John Mark Rozendaal may receive court documents by email by completing the form, Consent to Electronic Service.[1]

---

[1] For more information about consenting to electronic service, please review the court's Instructions. If next friend John Mark Rozendaal consents to receive documents by email, he will no longer receive court documents by regular mail.

The Court also directs the Clerk of Court to mail Petitioner, and email next friend John Mark Rozendaal, an information package.

SO ORDERED.

Dated: October 27, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge